**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DARREN BYE and CLAUDINE BYE,
　　Plaintiffs,

　　　　v.

STATE OF CONNECTICUT, et al.,
　　Defendants.

No. 3:09cv2052 (SRU)

## RULING ON MOTIONS TO STRIKE AND FOR LEAVE TO AMEND

Defendant Cianbro Corporation ("Cianbro") moves pursuant to Rules 11(b) and 12(f) of the Federal Rules of Civil Procedure to strike allegations in the plaintiffs' amended complaint (doc. # 38). According to Cianbro, during plaintiff Darren Bye's deposition, Bye directly contradicted the allegations that Cianbro now seeks to strike. Bye, in turn, argues that his deposition testimony is not inconsistent with his factual allegations or, alternatively, there is other evidence that provides a good faith evidentiary basis for his amended complaint.

Rule 11(b) provides, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(3). To succeed on a Rule 11(b)(3) motion, the moving party must make "a showing of objective unreasonableness on the part of the attorney or client signing the papers." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (quotation omitted). Rule 12(f) permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, but are within the district court's sound discretion." *Lamoureux v.*

*AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008).

Cianbro's motion to strike is denied because the defendant has conflated the effects of Rules 11(b) and 12(f). Rule 11 does not authorize a court to strike allegations from a complaint based on an attorney's bad faith representations. On the contrary, the remedy for a Rule 11 violation is an award of sanctions. Under Rule 11(c), the court may award sanctions if "after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). Moreover, to obtain relief under Rule 11, Cianbro had to file its Rule 11 motion "separately from any other motion" and provide the plaintiffs 21 days to withdraw or otherwise correct their pleading. Fed. R. Civ. P. 11(c)(2). Cianbro has not taken those steps and is not entitled to a remedy under Rule 11.

Rule 12(f), by contrast, is not an appropriate vehicle for striking allegations in a complaint on the basis that they are factually erroneous. Instead, as the text of the rule states, Rule 12(f) is reserved for striking a "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Cianbro has not claimed that any of the plaintiffs' allegations are of that stripe. Rather, the defendant contends that certain of the plaintiffs' allegations are not, in fact, true. "Evidentiary questions, however, are more properly analyzed at trial and not 'on the sterile field of the pleadings alone.'" *Chabad Lubavitch of Litchfield County v. Borough of Litchfield*, 3:09cv1419 (JCH), 2010 WL 3021468, at *1 (D. Conn. July 21, 2010) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). The plaintiffs have demonstrated in their response that there is at least some admissible evidence supporting their challenged allegations: namely, evidence that Bye was working pursuant to his official job duties when he was injured, and that Cianbro knowingly and deliberately created a dangerous work site. That is sufficient to overcome Cianbro's Rule 12(f) motion. *See Lipsky*, 551 F.2d at 893.

Cianbro's motion to strike (doc. # 38) is DENIED. The motion is denied, however, without prejudice to Cianbro filing a proper Rule 11 motion for sanctions and/or a motion for summary judgment pursuant to Rule 56.

Finally, the plaintiffs have moved for leave to amend their complaint a second time. The proposed amendment seeks to add more factual allegations to paragraph 40, which describes, in the plaintiffs' view, how Cianbro intentionally subjected Bye to a dangerous working condition. Under Rule 15(a)(2), after once amending his or her complaint as a matter of right, "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within a court's discretion to give leave to amend a complaint. *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010). Paragraph 40, as revised, gives the defendants and the court greater notice of the factual basis for the plaintiffs' claim. Furthermore, the defendants have not contested the motion except to argue that the second amended complaint is not responsive to Cianbro's Rule 12(f) motion. But as already explained, Cianbro's Rule 12(f) motion is denied and the plaintiffs had no obligation to respond to it with a second amended complaint. Therefore, the plaintiffs' motion for leave to file a second amended complaint (doc. # 42) is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of April 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge